**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSIE J. PAYNE, JR.** )<br>              **Plaintiff,** )<br>vs. )<br>      )<br>**TRANS UNION, LLC** )<br>   and )<br>**LEXISNEXIS RISK & INFORMATION** )<br>**ANALYTICS GROUP, INC.** )<br>   and )<br>**REED ELSEVIER, INC.** )<br>      )<br>              **Defendants.** )<br>      ) | **Civil Action No. 09-568** |

## AMENDED COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended*, and various other state laws.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff Jessie J. Payne, Jr. is an adult individual who resides in University, Mississippi.

5. Defendant Trans Union, LLC ("TU") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant LexisNexis Risk & Information Analytics Group, Inc. ("Lexis") is a business entity that provides background screening services, decisions-making intelligence, and operates as a consumer reporting agency. Defendant regularly conducts business in Philadelphia County, Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103. Lexis directs its customers to remit payment at P.O. Box 7247-6157, Philadelphia, PA.

7. Defendant Reed Elsevier, Inc. ("Reed") is a business entity and/or a credit reporting agency, of which Lexis is a division. Defendant regularly conducts business in Philadelphia County, Pennsylvania, and has a principal place of business at 4 Penn Center, 1600 JFK Boulevard, Suite 1655, Philadelphia, PA 19103.

8. Defendants Lexis and Reed act in concert with each other with respect to the public records communications and events that are the subject of this action.

9. In 2007, Defendants Lexis and Reed acquired in whole or in part the public records business of ChoicePoint Inc. and/or ChoicePoint Services Inc. ("ChoicePoint") and are successors in interest to that business.

10. Both ChoicePoint Inc. and ChoicePoint Services Inc. have been found by multiple federal courts to operate as consumer reporting agencies ("CRAs") and to be regulated by the FCRA.

11. Further, ChoicePoint Inc. has represented itself to be a furnisher of consumer credit information under the FCRA and has lobbied the U.S. Congress to regulate it only as a furnisher of consumer credit information.

## IV. Factual Allegations

12. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

13. The inaccurate information includes, but is not limited to, a bankruptcy, multiple tax liens, and a purported mortgage account with Capstone Properties, LLC that do not belong to Plaintiff and are not his obligation, as well as inaccurate personal identifying information.

14. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

16. Specifically, as successors in interest to ChoicePoint's public records business Defendants Lexis and Reed assumed the role of communicating and publishing select public records information, including information about bankruptcies, judgments and tax liens, to other CRAs, such as TU, Equifax and Experian.

17. Defendants Lexis and Reed communicate and publish such information to third parties such as the national CRAs on a regular basis for a fee.

18. Defendants Lexis and Reed communicated such information to third parties about Plaintiff for a fee on multiple occasions, including in October 2008.

19. Defendants Lexis and Reed know that the information they communicated to third parties about Plaintiff is used and expected to be used in ordinary consumer transactions,

including to be used as a factor in determining Plaintiff's eligibility for credit as well as the terms of any extension of credit.

20. Defendants Lexis and Reed know that the information that they communicated and published for a fee to third parties about Plaintiff is derogatory and negatively bears upon Plaintiff's creditworthiness, credit standing and credit capacity.

21. Plaintiff has repeatedly disputed the inaccurate information with Defendant TU and through the national CRAs by both oral and written communications to their representatives and by following the CRAs' established procedures for disputing consumer credit information, including in October 2008.

22. Defendant TU and the other CRAs gave notice of Plaintiff's disputes to Lexis and Reed, and all Defendants purportedly investigated Plaintiff's disputes.

23. Plaintiff did not know about Defendants Lexis and Reed at the time of the disputes because those Defendants willfully and deliberately conceal their role in selling public records information, including the information they sold to third parties about Plaintiff.

24. Moreover, Defendants Lexis and Reed do not have any telephone number, website, street address or any other means that is made available to consumers so that they can dispute any inaccurate public records information that Defendants sell about consumers.

25. The only mechanism available to Plaintiff and other consumers to put Defendants Lexis and Reed on notice of their errors in communicating and publishing inaccurate public records information about Plaintiff is through the procedures established by the national CRAs.

26. Notwithstanding Plaintiff's efforts, Defendant TU has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant TU continues to publish and disseminate such inaccurate information to other third

4

parties, persons, entities and credit grantors. Defendants have repeatedly published and disseminated consumer reports with the inaccurate information concerning Plaintiff to third parties, including but not limited to, from January of 2008 through the present.

27. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

28. Plaintiff has applied for and has been denied various loans and extensions of consumer credit. The basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and the inaccurate information was a substantial factor for those denials.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of credit and loan opportunities, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

30. As a result of Defendants' conduct, Plaintiff has suffered great emotional distress and mental anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and

Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score and/or credit standing.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

34. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. Claims

### Count One – FCRA
### (Plaintiff v. TU)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto, Defendant TU was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

37. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

38. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

39. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Trans Union is liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

7

  (j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified;

  (k) willfully and negligently failing to provide timely reports to Plaintiff upon Plaintiff's requests; and

  (j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its accuracy and/or inability to be verified.

 40. The conduct of Defendant TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant TU is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**Count Two – FCRA**
**(Plaintiff v. Lexis & Reed)**

 41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

 42. At all times pertinent hereto, Defendants Lexis and Reed were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

 43. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

 44. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

 45. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Lexis and Reed are liable to the Plaintiff for engaging in the following conduct:

  (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i;

  (b) willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b);

  (c) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b); and

  (d) willfully and negligently failing to comply with the FCRA in every other applicable respect, including 15 U.S.C. §§ 1681c and 1681g.

46. The conduct of Defendants Lexis and Reed was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants Lexis and Reed are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Three – Defamation
### (Plaintiff v. TU)

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Defendant TU has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

49. Defendant TU has published those statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantor, furnisher, or other source.

50. The statements made by Defendant TU are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

51. Defendant TU has published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

52. Defendant TU knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

53. The written statements and publications constitute libel per se.

54. The oral statements and publications constitute slander per se.

55. In addition, and despite repeated notices from Plaintiff, Defendant TU has acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

56. Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant TU is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## Count Four – Defamation
### (Plaintiff v. Reed and Lexis)

57. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58. Defendants published unprivileged statements of, about, or concerning Plaintiff including but not limited to statements that Plaintiff had a bankruptcy and multiple tax liens.

59. Defendants' statements in this regard are false and defamatory as Plaintiff has never in fact had the tax liens entered against him.

60. Defendants' statements thus create a derogatory reflection on Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

61. Defendants published these statements either directly via communications to third parties containing the defamatory statements, or indirectly via the sale and publication of Plaintiff's credit reports to creditors, credit grantors, and other entities containing the defamatory statement received from Defendants.

62. Defendants published these statements knowingly, recklessly, and/or with negligent disregard for the fact that these statements were false when made, and had no factual basis for making the statements, despite Plaintiff having notified them that the above inaccurate information was inaccurate for the reasons stated above.

63. Nonetheless, Defendants continue to publish the false and defamatory statements concerning the Plaintiff's credit history up through the present time.

64. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full

amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

### Count Five – Negligence
(Plaintiff v. TU, Reed, and Lexis)

65. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

66. Defendants' negligence consists of the following:

   (a)  Violating the FCRA as set forth above;

   (b)  Disregarding Plaintiff's rights and failing to comply with state laws;

   (c)  Failing to provide prompt notice of the inaccurate information to creditors;

   (d)  Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

   (e)  Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

   (f)  Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

67. As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

68. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, punitive damages, as well as such other relief, permitted under the law.

### Count Six – Invasion of Privacy / False Light
### (Plaintiff v. TU, Reed, and Lexis)

69. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

70. Defendants' above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

71. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

72. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### VI.   Jury Trial Demand

73. Plaintiff demands trial by jury on all issues so triable.

### VII.   Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)   Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

(e)     As to the common law claims, an order directing Defendants to cease the further reporting of the inaccurate information concerning Plaintiff, and to send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(f)     Such other and further relief as may be necessary, just and proper.

                              Respectfully submitted,

                              **FRANCIS & MAILMAN, P.C.**

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN
        JOHN SOUMILAS
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: April 30, 2009

**CERTIFICATE OF SERVICE**

I, Mark D. Mailman, hereby certify that, on this date, I caused a true and correct copy of Plaintiff's Amended Complaint to be served via ECF Notification and U.S. mail, first-class, postage pre-paid upon the following individuals:

> Bruce S. Luckman, Esquire
> Christopher N. Jones, Esquire
> Timothy P. Creech, Esquire
> Kogan, Trichon & Wertheimer, P.C.
> 1818 Market Street, 30th Floor
> Philadelphia, PA  19103-3699
> bluckman@mstkw.com
> cjones@mstkw.com
> tcreech@mstkw.com
>
> James R. McGuire, Esquire
> James F. McCabe, Esquire
> Morrison & Foerster, LLP
> 425 Market Street
> San Francisco, CA  94105-2482
> jmcguire@mofo.com
> jmccabe@mofo.com
>
> Jeffrey T. Cox, Esquire
> Ronald I. Raether, Jr., Esquire
> Faruki, Ireland & Cox, PLL
> 500 Courthouse Plaza SW
> 10 North Ludlow Street
> Dayton, OH  45402
> jcox@ficlaw.com
> rraether@ficlaw.com

    Mark A. Aronchick, Esquire
    Sharon F. McKee, Esquire
    Hangley, Aronchick, Segal & Pudlin
    One Logan Square, 27th Floor
    Philadelphia, PA  19103
    maronchick@hangley.com
    smckee@hangley.com

       **FRANCIS & MAILMAN, P.C.**

    BY:  */s/ Mark D. Mailman*
       MARK D. MAILMAN
       Attorney for Plaintiff
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

DATED: April 30, 2009